TYLER DARNELL JOHNSON,                 )
                                       )
           Plaintiff,                  )
                                       )
      v.                               )        No. 4:07-CV-237-AGF
                                       )
UNKNOWN SINGER, et al.,                )
                                       )
           Defendants.                 )

**ORDER AND MEMORANDUM**

This matter is before the Court[1] on plaintiff's "Motion for Inherent Injunction" [Doc. #36].

In the motion, plaintiff seeks a transfer to a different facility "due to high amounts of harassment and

refusal of medical treatment by and through deliberate indifference displayed by Susan Singer and

numerous 'CMS' employees." Specifically, plaintiff states that he "is currently in unwanton pain

and at risk of death due to abscess poison in [his] mouth, neck, head and ear canal which is not being

treated." In addition, he states that he is "being denied treatment for [hernias]."

**Background**

Plaintiff filed the instant motion on November 2, 2007.[2] On November 6, 2007, the Court

entered an Order instructing defendants to show cause, in writing, as to why the Court should not

grant plaintiff's motion [Doc. #37]. Defendants filed their initial responses on November 15, 2007

---

[1]The parties consented to jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

[2]Plaintiff's motion bears a signature date of October 27, 2007.

[Doc. #40 and Doc. #41]. On November 21, 2007, the Court held a status hearing on plaintiff's motion, at which plaintiff personally appeared, pro se. The purpose of the conference was to determine whether, in fact, plaintiff was in need of medical treatment that he was not receiving. At the conclusion of the hearing, the Court entered an Order instructing defendants to supplement their responses no later than November 28, 2007 [Doc. #49]. Defendants have timely filed their supplemental responses which include affidavits and medical records pertaining to plaintiff [Doc. #50 and Doc. #51]. In addition, on December 13, 2007, plaintiff filed an "Affidavit in Support of 'Inherent Injunction'" [Doc. #54].

## Discussion

A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the potential harm to the nonmoving party should an injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc); Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)).

Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. Moreover, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Having carefully reviewed the record, the Court concludes that plaintiff has failed to meet even the first Dataphase requirement, as he has not shown that he will experience irreparable harm if an injunction is not issued. Indeed, the evidence shows that plaintiff has received medical treatment throughout his incarceration at the St. Louis Justice Center.

More specifically, and with regard to plaintiff's complaint of abscess poisoning in his mouth, neck, and ear, the record shows that plaintiff has been, and presently is, under the care and treatment of Dr. Richard Meier, a licenced doctor of dental surgery (Meier Affidavit, Ex. A of Doc. #50). Dr. Meier's affidavit states, in pertinent part, that (1) on April 26, 2007, he evaluated plaintiff, who was complaining of pain in an upper left tooth; he ordered a periapical x-ray which showed no definitive infection, abscess, or cavity; and he prescribed for plaintiff 500 mg of Amoxicillin to be taken twice a day for fourteen days to treat any possible infection, as well as 325 mg of Tylenol to be taken twice a day for five days to treat any pain symptoms; (2) on June 7, 2007, he evaluated and treated plaintiff for a complaint that his upper left tooth was sensitive to cold, and he provided plaintiff with Sensodyne toothpaste; (3) on September 25, 2007, he evaluated plaintiff for a complaint of pain in his upper left tooth; he ordered a set of periapical x-rays of the tooth and prescribed for plaintiff an

3

antibiotic, Clindamycin, to be taken twice a day for fourteen days; he recommended extracting the tooth as a treatment option in the event that the prescription medicine did not resolve or improve the problem; and (4) on November 2, 2007, he evaluated plaintiff for a complaint of a sore throat; he noted that plaintiff showed signs of an abscessed tooth and herpes sores in his mouth; he prescribed 200 mg of Acyclovir to be taken twice a day for fourteen days and 500 mg of Amoxicillin to be taken twice a day for fourteen days; and, he scheduled an appointment with plaintiff for November 30, 2007, to evaluate the status of plaintiff's dental health.

As such, the Court concludes that plaintiff is not under a threat of irreparable harm due to any refusal by defendants to afford him medical treatment. The Court further finds that Plaintiff is unlikely to succeed on the merits, and it is not in the public interest to grant plaintiff's request for injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Inherent Injunction" [Doc. #36] is **DENIED**.

_____
**AUDREY G. FLEISSIG**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 13th day of December, 2007.