**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| TYLER DARNELL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-237-AGF |
| | ) | |
| UNKNOWN SINGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court on plaintiff's "Motion for Inherent Injunction" [Doc. #58] and "Memorandum" [Doc. #53], which this Court will liberally construe as a motion for injunctive relief. Plaintiff seeks (1) a "transfer to a different facility," because he allegedly is not allowed showers or clean clothes, he has been subject to "assaults [and] violent behaviors displayed by 'Division of Corrections' employees," and an "unknown subject of 'CJC' staff or inmate population set the housing unit . . . completely on fire," causing plaintiff to "black out"; (2) an order allowing him access to federal civil procedure books in the St. Louis City Justice Center's ("SLCJC") law library, as well as "access to any & or all books feasible to pro se litigants in order to assure fair & or just pre-trial investigation of complex issues"; and (3) a polygraph test to prove he "is currently being slowly starved by Almeda Ball Tyler, Irene Mitchell, James Chrams & Cpt. Clemons."

Defendants Eugene Stubblefield and Jerome Fields filed a joint response [Doc. #59], stating that the form entitled "St. Louis Division of Corrections Request for Law Library Services," which they attached as "Exhibit A," shows that pro se litigants are allowed access to the law library

1

upon providing Corrections staff with a Court Order granting pro se status. Defendants also attached "Exhibit B" to their joint response, which is an informal resolution request that plaintiff filed on or about March 27, 2007, requesting access to the law library. In the "Staff Use Only" section of this document, a staff member replied to plaintiff's request, as follows: "A copy of the court order must be submitted to your case-worker or the volunteer coordinator for clarification of pro-se status. The order will be returned to you immediately after [a] copy has been made." Plaintiff has not indicated that he has followed these instructions. Last, regarding plaintiff's allegation that he is not being fed, defendants state that plaintiff is simply not satisfied with the manner in which he is provided food; for example, he has been placed on "sack lunches/dinners" for disciplinary reasons. Attached to their joint response as "Exhibit C" is a document entitled "Behavior Contract." The contract was signed by plaintiff, A. Ball-Tyler, Jim Chrams, and Gene Stubblefield on October 11, 2007, and concerns the meals plaintiff may receive, depending upon his behavior. Plaintiff has not filed a reply to defendants' response.

**Discussion**

A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the potential harm to the nonmoving party should an injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871

F.2d 734, 737 (8th Cir. 1989) (en banc); Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. Moreover, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d at 1214)).

Having carefully reviewed the record, the Court will deny plaintiff's motions for injunctive relief. A party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Devose, 42 F.3d at 471. Here, plaintiff's motions for injunctive relief concern allegations that simply were not raised in his complaint. The motions are based on new assertions of alleged mistreatment and/or anticipated mistreatment that are entirely different from the denial of medical care claims raised in his complaint. Thus, plaintiff's new assertions cannot provide the basis for a preliminary injunction in the instant lawsuit, because the necessary relationship between the injury claimed in his motions and the conduct asserted in his complaint is lacking. Moreover, many

3

of plaintiff's allegations for injunctive relief are asserted against individuals who are not named defendants in the instant action. For example, with regard to plaintiff's allegation that he is not being fed, the individuals against whom this allegation is asserted (i.e., Almeda Ball Tyler, Irene Mitchell, Jim Chrams & Cpt. Clemons) are not named party-defendants.

Furthermore, even if the Court were to reach the merits of the motions, the conclusion would be that plaintiff has not met the Dataphase requirements. Plaintiff has failed to show that he will experience irreparable harm if an injunction is not issued. Similarly, plaintiff has failed to establish a likelihood of success on the merits. The record indicates that plaintiff did not follow SLCJC's procedures for obtaining access to the law library by providing the proper SLCJC staff member with the Court Order granting him pro se status. Moreover, pursuant to the "Behavior Contract" attached as "Exhibit C," it appears that plaintiff is receiving meals in the form of sack lunches, regular meals served on styrofoam trays, and/or meals served on plastic trays.

Last, the Court notes that plaintiff is seeking "transfer to a different facility"; however, transfers to another prison are within the discretion of prison officials. See Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984). For these reasons, plaintiff's motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Inherent Injunction" [Doc. #58] and "Memorandum" [Doc. #53], which this Court has liberally construed as a motion for injunctive relief, are **DENIED**.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of January, 2008.