UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYLER DARNELL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-237-AGF |
| ) | |
| UNKNOWN SINGER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court on plaintiff's "Motion for Injunctive Relief" [Doc. #68]. In the motion, plaintiff alleges that (1) defendant Dr. Singer is refusing to treat him for a hernia and abscessed tooth and is falsifying records and documents concerning plaintiff's medical care[1]; (2) defendant Jerome Fields has failed to respond to, and is destroying, plaintiff's inmate resolution requests relative to the "lack of adequate treatment of hernia, abscess and mental health treatment for depression, distress from the untreated conditions . . . [and] assault . . . [and] smoke inhalation," and he is "withholding and destroying plaintiff's mail and legal documented complaints" in an effort to "block plaintiff meaningful access to [the] courts"; (3) defendants Jerome Fields and Eugene Stubblefield "conspired together to dispose of . . . a motion for relief in December . . . [and] this motion ha[d] to be rewritten"; (4) defendant Eugene Stubblefield did not act on plaintiff's complaints

---

[1]Plaintiff alleges that Dr. Singer's "coworker Dr. Meier has failed to administer adequate or any treatment" for abscess poisoning. Because Dr. Meier is not a party-defendant in this action, the Court will not further address this allegation.

1

regarding his medical conditions and an assault by correctional officers; and (5) defendant Dr. Saddiqqi is refusing to treat plaintiff's mental health problems and is torturing plaintiff by taking his mattress and refusing to allow him to take showers or "sanitiz[e] [his] jail cell, clothing, or hygiene," and is part of a plot to deprive plaintiff of mental health treatment. For relief, plaintiff seeks a transfer to another correctional facility, "outside healthcare and mental healthcare treatment & dental care," and "injunctive relief of any form the court deems adequate to assure plaintiff will not be subject to falsified documentational [sic] statements of treatment he isn't receiving for current conditions."

Defendants Eugene Stubblefield and Jerome Fields filed a joint response [Doc. #73], attaching affidavits from Eugene Stubblefield and Almeda Ball-Tyler, as well as copies of informal resolution requests, incident reports dated December 24, 2007, and three disciplinary reports and disciplinary hearing reports concerning plaintiff. Defendants Dr. Singer and Dr. Saddiqqi also filed a joint response [Doc. #74], including affidavits by both doctors and exhibits consisting of copies of excerpts of plaintiff's medical and dental records from the St. Louis City Justice Center ("SLCJC"), Interdisciplinary Progress Notes, a Correctional Medical Services Health Services Request Form, and a Release of Responsibility Form. Plaintiff has not filed a reply to defendants' responses.

**Discussion**

A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the potential harm to the nonmoving party should an injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc.,

640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc); Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. Moreover, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d at 1214)).

Having carefully reviewed the record, the Court will deny plaintiff's motion for injunctive relief. A party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Devose, 42 F.3d at 471. Here, plaintiff's motion for injunctive relief concerns allegations of mail tampering and assault that simply were not raised in his complaint. As such, the instant motion is based, in part, on new allegations that are entirely different from the denial of medical care claims raised in his complaint. Plaintiff's new assertions cannot provide the basis for a

preliminary injunction in the instant lawsuit, because the necessary relationship between the injury claimed in his motions and the conduct asserted in his complaint is lacking.

Furthermore, regarding the remaining claims relative to the denial of medical, mental health, and dental care, the Court finds that plaintiff has not met the Dataphase requirements, and it is not in the public interest to grant his request for injunctive relief. Plaintiff has failed to show that he will experience irreparable harm if an injunction is not issued. Similarly, plaintiff has failed to establish a likelihood of success on the merits. The record indicates that plaintiff has, in fact, been receiving medical, mental health, and dental treatment throughout his incarceration at SLCJC. Moreover, plaintiff is again seeking to be "transfer[red] to a different facility"; however, transfers to another prison are within the discretion of prison officials. See Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984). For these reasons, plaintiff's motion will be denied.

Plaintiff previously filed two motions for injunctive relief in the case at bar [Doc. #36 and Doc. #58]. This Court denied both motions after finding plaintiff's contentions to be unsubstantiated, contrary to the medical records and other evidence submitted by defendants, and/or outside the scope of the complaint [Doc. #55 and Doc. #64]. Given plaintiff's repeated filing of meritless motions, the Court is now warning plaintiff that if he files another motion for injunctive relief which this Court finds to be without merit, he risks the dismissal of this lawsuit as malicious under 28 U.S.C. § 1915(e)(2)(B). See Johnson v. Seymour, No. 4:07-CV-325-CAS (E.D.Mo.)(dismissing plaintiff's § 1983 action as malicious after finding the action was unsubstantiated and that plaintiff had consistently engaged in abusive behavior towards SLCJC and medical staff and had carried this abusive behavior over into the Court by filing frivolous lawsuits for the purpose of harassing defendants and not to vindicate a legitimate right); see also Cochran v.

Morris, 73 F.3d 1310, 1316 (4th Cir. 1996)(when determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct); In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988)(an action is malicious when it contains allegations the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir.1999) (complaint dismissed as malicious where it was not to rectify any cognizable harm, but only to harass and disparage the defendant).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Injunctive Relief" [Doc. #68] is **DENIED**.

*[signature]*
**AUDREY G. FLEISSIG**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 3rd day of April, 2008.