# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TYLER DARNELL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV00237AGF |
| | ) | |
| UNKNOWN SINGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions for summary judgment of defendants Susan Singer and Farzana Saddiqqi [Doc. #75] and defendants Eugene Stubblefield and Jerome Fields [Doc. #78] on plaintiff's claims for monetary relief under 42 U.S.C. § 1983 for the violation of his Fourteenth Amendment rights (deliberate indifference to serious medical needs).[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). Defendants Singer and Saddiqqi filed a joint statement of material facts [Doc. #76], as did defendants Stubblefield and Fields

---

[1] Because plaintiff is a pre-trial detainee at the St. Louis City Justice Center, his claims will be analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). This Court notes that, while acknowledging that it "has yet to establish a clear standard for pretrial detainees," Vaughn v. Green County, Ark., 438 F.3d 845, 850 (8th Cir. 2006), the Eighth Circuit Court of Appeals has "repeatedly applied the deliberate indifference standard of Estelle to pretrial detainee claims that prison officials unconstitutionally ignored a serious medical need or failed to protect the detainee from a serious risk of harm." Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006).

1

[Doc. #79]. Plaintiff filed a response to defendants' motions [Doc. #84] and an affidavit [Doc. #83]. Defendants Stubblefield and Fields filed a joint reply to plaintiff's response [Doc. # 86], and defendants Singer and Saddiqqi also filed a joint reply [Doc. #87]. For the following reasons, the Court will grant defendants' motions for summary judgment.

## Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. United States v. Friedrich, 402 F.3d 842, 844 (8th Cir. 2005). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 257; Heisler v. Metropolitan Council, 339 F.3d 622, 626 (8th Cir. 2003). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

2

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**Background**

Plaintiff is a pre-trial detainee currently confined at the St. Louis City Justice Center ("SLCJC"). Plaintiff's complaint is brought pro se under 42 U.S.C. § 1983. The defendants named are Unknown Singer (SLCJC doctor, later identified as Dr. Susan Singer), Eugene Stubblefield (Superintendent), Jerome Fields (Grievance Coordinator), and Unknown Saddiqqi (SLCJC psychiatrist, later identified as Dr. Farzana Saddiqqi). In the complaint, plaintiff states that he has "a long history of mental health and health problems." Plaintiff alleges that "the medical service [has] not been answering [his] request forms that [he has] been filing to obtain mental health and health care." He complains that Dr. Singer and Dr. Saddiqqi "have removed [him] from [his] medications which puts [him] in agony from pain and [they] neglect [his] treatment [for his] disorders of bi-polar, post-traumatic-stress disorder, conduct disorder, obsessive compulsive disorder, ADHD, hypertension, high blood pressure, acid reflex [sic] disease, sleeping asomnia disorder, depression, [and] abilical and testical ernias [sic]." Plaintiff asserts that defendant Fields "refuses to comply with [the] grievance policy," and that Stubblefield has "been disposing of these legal documents because the pink slips have not made it back to [plaintiff]." For relief, plaintiff seeks monetary damages.

On November 2, 2007, plaintiff filed a "Motion for Inherent Injunction" [Doc. #36]. In the motion, plaintiff sought a transfer to a different facility "due to high amounts of

3

harassment and refusal of medical treatment by and through deliberate indifference displayed by Susan Singer and numerous 'CMS' employees." Specifically, plaintiff alleged that he was "being denied treatment for ernias [sic]" and was "in unwanton pain and at risk of death due to abscess poison in [his] mouth, neck, head and ear canal which is not being treated." On November 6, 2007, this Court entered an Order instructing defendants to show cause, in writing, as to why the Court should not grant plaintiff's motion [Doc. #37]. Defendants filed their initial responses on November 15, 2007 [Doc. #40 and Doc. #41]. On November 21, 2007, the Court held a status hearing on plaintiff's motion, at which plaintiff personally appeared, pro se. At the conclusion of the hearing, the Court entered an Order instructing defendants to supplement their responses no later than November 28, 2007 [Doc. #49]. Defendants timely filed their supplemental responses, which included affidavits and medical records pertaining to plaintiff [Doc. #50 and Doc. #51]. On December 13, 2007, this Court denied plaintiff's motion for injunctive relief on the grounds that (1) the evidence showed plaintiff had received medical treatment throughout his incarceration at SLCJC, and therefore, he was not under a threat of irreparable harm due to any refusal by defendants to afford him medical treatment;[2] and (2) plaintiff was unlikely to succeed on the merits and it was not in the public interest to grant his motion [Doc. #55].

---

[2] In its Order and Memorandum [Doc. #55], this Court noted that the record evidence demonstrated that plaintiff had been, and at the time of the hearing, was under the care and treatment of Dr. Richard Meier, a licensed doctor of dental surgery. In addition, the Court set forth in detail Dr. Meier's evaluations of plaintiff on April 26, June 7, September 25, and November 2, 2007, as well as the treatment he rendered which included periapical x-rays and both prescription and non-prescription medications.

4

## Facts[3]

A. <u>Defendants Singer and Saddiqqi</u>

As set forth in the statement of uncontroverted facts, supported by defendants' affidavits and the record, plaintiff has been a pretrial detainee at the SLCJC since approximately August 28, 2006. He has a long history of both mental and physical health problems that pre-exist his current confinement; these problems allegedly include bi-polar disorder, post-traumatic stress, conduct disorder, obsessive/compulsive disorder, and ADHD. Plaintiff alleges that his pre-existing physical health problems include hypertension, high blood pressure, acid reflux disease, sleeping asomnia disorder, depression, and hernias. Since he has been confined at the SLCJC, plaintiff has been under the care of defendant Dr. Susan Singer for his physical health issues. Dr. Singer is a medical doctor licensed by the Missouri State Board of Registration for the Healing Arts to practice medicine in the State of Missouri; she is an independent contractor employed by Correctional Medical Services, Inc. ("CMS"). As an independent contractor for CMS, Dr. Singer provides medical care and

---

[3] The Court adopts the statement of uncontroverted material facts in support of the motions for summary judgment presented by defendants Singer and Saddiqqi [Doc. #76] and defendants Stubblefield and Fields [Doc. #79]. These statements of fact are supported by defendants' affidavits and institutional documents. Furthermore, plaintiff has not submitted a statement of disputed factual issues, nor does he dispute defendants' statements of the facts. Because plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Local Rule 7- 4.01(E), for purposes of this motion, plaintiff is deemed to have admitted all facts which were not specifically controverted. See <u>Deichmann v. Boeing Co.</u>, 36 F. Supp. 2d 1166, 1168 (E.D. Mo. 1999); see also <u>Ridpath v. Pederson</u>, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under Local Rule 7- 4.01(E)).

treatment to inmates confined at the SLCJC. Dr. Singer has personal knowledge of plaintiff, and she has administered medical care and treatment to him during his confinement at the SLCJC.

Dr. Saddiqqi is also a medical doctor who is an independent contractor employed by CMS. In this capacity, Dr. Saddiqqi provides medical care and treatment, including mental health care, to inmates confined at the SLCJC. Dr. Saddiqqi has personal knowledge of plaintiff, and she has administered medical care and mental health care and treatment to plaintiff during his confinement at the SLCJC. Attached to defendants' motion as Exhibit A are true and accurate copies of plaintiff's medical and mental health records maintained at the SLCJC. Attached as Exhibit B are true and accurate copies of additional records concerning plaintiff's mental health treatment at the SLCJC, including interdisciplinary progress notes, suicide watch records, and other mental health records.

On or about August 28, 2006, plaintiff was admitted as an inmate to the SLCJC, and the prison medical staff completed his medical history and mental health screening. At that time, plaintiff reported to medical staff that he suffered from certain chronic medical conditions, including anemia, asthma, bronchitis, glaucoma, hypertension, and seizures. Plaintiff's medical records document his varied medical complaints and the care and treatment provided to him by Dr. Singer for his chronic conditions and other medical needs from September 2006 to February 14, 2007. Plaintiff's medical records also document the care and treatment provided by Dr. Singer and other medical staff after February 14, 2007, for his medical complaints and needs.

6

Plaintiff is part of the Hypertension Chronic Care Unit at SLCJC, which includes monitoring his blood pressure and hypertensive condition. Plaintiff is receiving medical treatment from Dr. Singer for his complaints of hypertension. Additionally, Dr. Singer has examined plaintiff on several occasions where the examination included plaintiff's abdomen and genitals. Based on these examinations, Dr. Singer has concluded that plaintiff does not have a hernia.

Plaintiff has received ongoing psychiatric care for his mental health needs from mental health staff during his confinement at the SLCJC. Dr. Saddiqqi treated plaintiff on October 4 and 7, 2006, as well as November 4, 2006. She originally prescribed Elavil and Depakene for plaintiff's mental health problems. In late November, 2006 plaintiff began refusing to take the mental health medication Dr. Saddiqqi had prescribed for him. Dr. Saddiqqi saw plaintiff again on November 29 and December 13, 2006, at which time she learned that plaintiff was hoarding medication in violation of SLCJC rules. Dr. Saddiqqi discontinued plaintiff's Elavil and Depakene at that time. Her next appointment with plaintiff was on January 13, 2007.

As characterized by defendants, plaintiff has been a "behavior problem" for both medical and corrections staff during his confinement at SLCJC. He is often uncooperative, as well as hostile and aggressive towards other inmates, medical staff, and corrections staff. Plaintiff has repeatedly threatened suicide during his confinement at the SLCJC and has been on "full suicide watch" approximately fifty percent of the time he has been confined there. When an inmate is on full suicide watch, he is seen on a daily basis by a member of the

7

mental health staff, either a psychologist or a social worker. Dr. Saddiqqi saw plaintiff on numerous occasions when he was on suicide watch.[4] In addition, she treated him on June 20, August 17, October 17, November 7, and December 19, 2007, and continued him on medication during this time period, prescribing Trazadone 100 mg and Depakene 500 mg, as well as two Tums twice a day. Dr. Saddiqqi was scheduled to see plaintiff on February 6, 2008, but he refused to go to the appointment; the next scheduled appointment was set for March 12, 2008. Dr. Saddiqqi never refused to treat plaintiff, and she is treating all of plaintiff's mental health issues with medication, counseling, and therapy.

B. <u>Defendants Stubblefield and Fields</u>

At all times relevant to the instant motion for summary judgment, defendant Stubblefield held the position of Superintendent of Corrections for the City of St. Louis Division of Corrections; he presently is the Commissioner of Corrections. Stubblefield's duties included generally overseeing the operation of all correctional facilities under the City of St. Louis Division of Corrections system. The City of St. Louis Division of Corrections contracts with CMS, an entity that is separate from the City of St. Louis and the City of St. Louis Division of Corrections, to provide medical services and care for inmates under the City of St. Louis Division of Corrections system. Defendant Stubblefield does not have any formal medical training, and he does not make any decisions regarding the specific care of

---

[4] The exact dates Dr. Saddiqqi saw plaintiff while he was on suicide watch are not noted in her affidavit.

any inmate. Plaintiff, as well as any inmate requiring medical treatment, is placed under the care of CMS staff.

At all times relevant to the instant motion for summary judgment, defendant Fields has held the position of Ombudsman/Grievance Coordinator for the City of St. Louis Division of Corrections. As such, he processes all "Inmate Resolution Request Forms" ("IRR") for all the correctional facilities under the City of St. Louis Division of Corrections system. Once he reviews an IRR, he forwards it to the appropriate department for a staff response and further handling. This includes requests for medical care. Defendant Fields does not have any formal medical training, and he does not make any decisions regarding the specific care of any inmate.

## Discussion

A. Defendants Singer and Saddiqqi

Dr. Singer and Dr. Saddiqqi base their motion for summary judgment on the merits of plaintiff's claims of deliberate indifference to his serious medical needs. In response, plaintiff asserts new claims concerning destruction of legal mail, the orchestration of physical assaults against him while en route to receiving medical treatment, the falsification of documents showing medical treatment, additional lawsuits by other plaintiffs, and unspecified deliberate indifference, assault, torture "and other corrupt and abusive orchestrations against [him] on [an] enormous and diabolical level" [Doc. #84]. Plaintiff offers no additional material facts or admissible evidence of his own to raise any issues of

disputed material facts as to these allegations, and his assertions in response to defendants' motions fail to address any issue raised in these motions for summary judgment.

To prevail on a constitutional claim for deliberate indifference,[5] "an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). In the context of a § 1983 claim, the objective element requires a showing that the prison official's act or omission resulted "in the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective element requires a showing of "deliberate indifference." Choate, 7 F.3d at 1373-74. Deliberate indifference, in turn, requires the "unnecessary and wanton infliction of pain." Id. at 1374 (quoting Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990)(internal quotations omitted)). Mere negligence and inadvertence are insufficient to satisfy the deliberate indifference requirement. Id.

Inmates do not have a constitutional right to any particular type of treatment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). A mere disagreement with the course of treatment or a physician's medical diagnosis fails to state a claim of deliberate indifference to serious medical needs under the Fourteenth Amendment. Cf. Smith v. Marcantonio, 910 F.2d 500,

---

[5] See supra note 1.

502 (8th Cir. 1990)(Eighth Amendment context); Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir. 1988)(same).

Plaintiff has produced no evidence to support his claim that the treatment provided to him at SLCJC was constitutionally inadequate. Doctors Singer and Saddiqqi filed affidavits attesting that they have provided plaintiff with the medical care and treatment that is required for his medical and psychiatric conditions. Their attestations are supported by comprehensive medical records which are a part of the record and indicate that treatment was provided for plaintiff's numerous complaints. Plaintiff offers nothing but unsupported accusations to the contrary. As such, the undisputed facts establish that plaintiff was seen regularly by defendants Singer and Saddiqqi for his complaints and that he has received medical and mental health treatment for all his serious medical and mental health needs. Plaintiff has not satisfied his burden of showing that there is a genuine issue of material fact with respect to the existence of a serious medical condition to which defendants Singer and Saddiqqi were deliberately indifferent. As such, the Court concludes that, as a matter of law, defendants Dr. Singer and Dr. Saddiqqi are entitled to summary judgment on plaintiff's denial of medical and health care claims.

B. Defendants Stubblefield and Fields

Defendants Stubblefield and Fields base their joint motion for summary judgment on the merits of plaintiff's claims of deliberate indifference to his serious medical needs. In addition, they assert that a prison superintendent or other jail supervising personnel may not be held liable in § 1983 actions under the theory of respondeat superior. As set forth above,

in response, plaintiff asserts new claims concerning destruction of legal mail, the orchestration of physical assaults against him while en route to receiving medical treatment, the falsification of documents showing medical treatment, additional lawsuits by other plaintiffs, and unspecified deliberate indifference, assault, torture "and other corrupt and abusive orchestrations against [him] on [an] enormous and diabolical level" [Doc. #84]. Plaintiff's assertions, however, fail to address any issue raised in defendants' motion for summary judgment. And inasmuch as these claims are not contained in plaintiff's complaint, they are not properly before the Court. See Frentzel v. Moore, No. 4:06CV214 JCH, 2008 WL 2373119, at *5 n.10 (E.D. Mo. June 6, 2008) (stating that claims raised by pro se plaintiff for the first time in response to a motion for summary judgment were not properly before the court); Tipler v. Moore, No. 07-4014-CV-C-NKL, 2008 WL 1990799, at *5 (W.D. Mo. May 2, 2008)(same).

As discussed above, plaintiff has produced no evidence to support his claim that the treatment provided to him at the SLCJC was constitutionally inadequate. Moreover, as defendants note, the record clearly shows that plaintiff received medical and mental health treatment throughout his incarceration. A supervisor is only liable for an Eighth Amendment violation under § 1983 if he "personally participated in or had direct responsibility for the alleged violations" or "actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." McDowell v. Jones, 990 F.2d 433, 435 (8th Cir. 1993). Plaintiff has not satisfied his burden of showing that there is a genuine issue of material fact with respect to the existence of a serious medical condition to

which defendants Stubblefield and Fields were deliberately indifferent. As such, the Court concludes that, as a matter of law, defendants Eugene Stubblefield and Jerome Fields are entitled to summary judgment on plaintiff's claims against them.

Accordingly,

**IT IS HEREBY ORDERED** that the motions for summary judgment of defendants Susan Singer and Farzana Saddiqqi [Doc. #75] and defendants Eugene Stubblefield and Jerome Fields [Doc. #78] are **GRANTED**.

A separate Judgment shall be filed with this Memorandum and Order.

*Audrey G. Fleissig*
**AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE**

Dated this 25th day of August, 2008.